[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Richard Brown, Esq., Defense Counsel, for Petitioner John M. Bailey, Esq., State's Attorney, for the State.
BY THE DIVISION
The petitioner, age twenty-three at the time of sentencing, was convicted after pleading guilty to the crime of manslaughter in the first degree in violation of General Statutes53a-55(a)(3). He received a sentence of twenty years. He has no prior criminal convictions.
On the evening of July 11, 1987, the petitioner was in the company of one Eric Steiger and others when Steiger became involved in an argument with two young men, William Price and Daniel Seymour, in the Town of Suffield. Following the CT Page 2610 confrontation, the petitioner, his brother Bryan Patterson, Richard Bazzano and Steiger drove to Steiger's home where, as noted by the trial court at sentencing, the defendant loaded a pistol with ammunition and, after unloading another pistol, reloaded it with armor-piercing ammunition. The petitioner then drove Steiger's vehicle to the scene of the prior confrontation in the company of Steiger and the others. Mr. Price and Mr. Seymour emerged from the latter's house and were fatally wounded by gunfire directed at them by Eric Steiger.
At the hearing on this petition, the petitioner sought a reduction of his sentence because of his apparent cooperation with the police investigation into this incident, his testimony at the trial of Eric Steiger and his cooperation with the victims' families in the prosecution of their civil lawsuits.
The petitioner, who was originally charged with two counts each of the crimes of accessory to murder, accessory to capital murder and conspiracy to commit murder, was permitted to plead guilty to the crime of manslaughter in the first degree. At the time of entry of the guilty plea, there was an agreed "cap" of a sentence of twenty years, the maximum penalty for the crime charged. The imposition of this sentence by the trial court was neither inappropriate or disproportionate considering the petitioner's role in this multiple homicide.
The sentence is affirmed.
Barry, J. Klaczak, J. Norko, J.